UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARNE VESS | CIVIL ACTION NO. 5:25-0910 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| FOUR MILE TRUCKING, LLC, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is Defendant Four Mile Trucking, LLC's ("Four Mile") Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process (Record Document 11). For the reasons set forth below, the Motion is **DENIED AS MOOT**.

**FACTUAL BACKGROUND**

Plaintiff Marne Vess ("Vess") filed this action in the Twenty-Sixth Judicial District Court for the Parish of Webster on May 21, 2025, alleging injuries resulting from a vehicle collision involving Defendant Bobby McCrary, an employee of Defendant Four Mile. See Record Document 1-1. The matter was removed to this Court on June 26, 2025. See Record Document 1. At the time of removal, Four Mile had not been served with process. See Record Document 11-1.

On September 29, 2025, Plaintiff filed an Affidavit of Service, which Four Mile challenged as deficient because it lacked a signed return receipt or other proof that the summons and petition were received by Four Mile or its registered agent. See Record Document 10. Four Mile then filed the present Motion to Dismiss under Rule 12(b)(5) or, alternatively, to quash the attempted service. See Record Document 11.

Plaintiff subsequently filed a second Affidavit of Service on October 3, 2025, and moved for additional time to effect service. See Record Documents 13 & 14. On October

8, 2025, Magistrate Judge McClusky granted Plaintiff a thirty-day extension to complete service. See Record Document 15.

On October 15, 2025, Plaintiff filed a third Affidavit of Service, attaching documentation demonstrating that the summons and petition were delivered via commercial carrier to Lynn Lee, the Registered Agent for Four Mile, and Trey King, the sole member of Four Mile. See Record Document 16. Four Mile acknowledges that this service was valid and timely and has withdrawn the Motion seeking dismissal. See Record Document 18.

**LAW & ANALYSIS**

Federal Rule of Civil Procedure 4(h)(1) governs service upon a limited liability company. Service may be accomplished either by delivering the summons and complaint to an officer, managing agent, or authorized agent of the entity, or by any method permitted for service on individuals under 4(e)(1). Under Rule 4(e)(1), service can be made in accordance with the service rules of the state where service is made or where the district court sits.

Louisiana permits service on a nonresident defendant by mailing a certified copy of the citation and petition to the defendant or its registered agent by registered or certified mail or by actual delivery via commercial courier. See La. R.S. § 13:3204.

Federal Rule of Civil Procedure 4(m) requires service to be made within 90 days of the filing of the complaint or, in a removed action, within 90 days of removal, unless the Court extends the deadline for good cause. See Evans v. Johnson, 2017 WL 3037805, at *3 (W.D. La. 2017).

The Court granted Vess an extension through November 7, 2025, to effect service, and Vess filed his third Affidavit of Service establishing valid delivery of the summons and petition well within the extended time limit. <u>See</u> Record Document 16. This constitutes proper service under the Federal Rules of Civil Procedure and Louisiana law. Accordingly, Four Mile withdrew its Motion to Dismiss. <u>See</u> Record Document 18. Four Mile's challenge to service is **DENIED AS MOOT.**

## CONCLUSION

For the reasons explained above,

**IT IS ORDERED** that Four Mile's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process (Record Document 11) is **DENIED AS MOOT** in light of Vess's third Affidavit of Service (Record Document 16) and Four Mile's Withdrawal of the Motion (Record Document 18).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of December, 2025.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE